UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGINETTA B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:20-cv-02430-MJD-JPH |
| | ) |
| KILOLO KIJAKAZI,[2] | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S RULE 59(e) MOTION TO ALTER JUDGMENT**

This matter is before the Court on Defendant's Rule 59(e) Motion to Alter Judgment. [Dkt. 30.] For the reasons set forth below, the Court **DENIES** Defendant's motion.

### I.  Background

Claimant initially applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423(d) on January 8, 2014, alleging a disability onset of September 17, 2013. [Dkt. 15-2 at 67.] After a hearing, Administrative Law Judge ("ALJ") Gladys Whitfield issued an unfavorable opinion, which was remanded on October 23, 2017. *See*

---

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), after the removal of Andrew M. Saul from his office as Commissioner of the SSA on July 9, 2021, Kilolo Kijakazi automatically became the Defendant in this case when she was named as the Acting Commissioner of the SSA.

1

[Dkt. 26 at 1-2]. On remand, ALJ Whitfield again issued an unfavorable opinion, which was again remanded on October 21, 2019. *See* [Dkt. 26 at 2]. Claimant's second remand hearing was held before ALJ Kevin Walker on June 19, 2020. [Dkt. 15-14 at 34.] After ALJ Walker issued an unfavorable decision, Claimant filed her timely Complaint seeking judicial review on September 21, 2020. [Dkt. 1.] Claimant argued that the ALJ erred in his evaluation of the intensity, persistence, and limiting effects of her symptoms, and additionally erred by failing to account for Claimant's non-severe mental limitations in his RFC assessment. *See* [Dkt. 19]. On November 18, 2021, the Court found in Claimant's favor and reversed and remanded the decision of the Commissioner. [Dkt. 26.]

On December 13, 2021, the Commissioner filed the instant Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e). [Dkt. 30.] Claimant opposed the Commissioner's motion on December 23, 2021. [Dkt. 33.] The Commissioner has not filed a reply in support of her motion, and the time for doing so has expired.

## II.  Applicable Standard

The Federal Rules of Civil Procedure allow a litigant to move for an altered or amended judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Breyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). In this context, a manifest error means "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). A motion brought under

Rule 59(e) is inappropriate where the movant seeks "'to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shopping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-28 (2d ed. 1995)); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (citing *A&C Construction & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020)).

### III. Discussion

The Commissioner asks the Court to alter or amend its judgment and affirm the Commissioner's decision denying Claimant benefits, arguing that ALJ Walker properly considered the functional impact of Claimant's non-severe mental limitations and that substantial evidence supported the ALJ's subjective symptom analysis. [Dkt. 30.] Claimant opposes the Commissioner's motion on the grounds that the motion "is not based on newly-discovered evidence" and "does not show that the Court made any manifest errors of law or fact." [Dkt. 33 at 2.] Indeed, the Commissioner's motion is not—and, given that the Court's review is limited to the administrative record, could not be—based on the discovery of new evidence, and thus she must establish "'that the court committed a manifest error of law or fact,'" *Breyrer*, 722 F.3d at 954 (quoting *Blue*, 698 F.3d at 598), meaning that the Court wholly "'disregard[ed], misappli[ed], or fail[ed] to recognize controlling precedent.'" *Oto*, 224 F.3d at 606 (quoting *Sedrak*, 987 F. Supp. at 1069). The Commissioner has not done so; after reviewing the parties' initial briefs, the Court's entry on judicial review, and the briefs related to the instant motion, the Court finds that no manifest errors of law or fact were committed.

The Commissioner initially argues that the ALJ properly considered the functional impact of Claimant's non-severe mental impairments. [Dkt. 30 at 2.] This same argument was

raised in the Commissioner's opposition brief, *see* [Dkt. 23 at 8], and a Rule 59(e) motion should not "be used to 'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quoting *Oto*, 224 F.3d at 606). To be sure, the reason why the ALJ erred in this regard is because he did not explain why—after finding that Claimant had "mild" mental limitations—the evidence did not require "at least some nonexertional limitations" to Claimant's RFC resulting from the interaction between her non-severe mental limitations and her severe physical impairments. *See* [Dkt. 26 at 6] (citing *Simon-Leveque v. Colvin*, 229 F. Supp. 3d 778, 787 (N.D. Ill. 2017); *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019)).

The Commissioner additionally argues that substantial evidence supported the ALJ's subjective symptom analysis. [Dkt. 30 at 5.] Again, each point made by the Commissioner was previously raised in her opposition to Claimant's Complaint and addressed in the Court's Entry. First, the Commissioner repeats her argument that the ALJ did not independently interpret the significance of the MRI of Claimant's L5 nerve root. *Compare* [Dkt. 30 at 6], *with* [Dkt. 23 at 19]. However, as the Court explained, the ALJ improperly "played doctor" in suggesting that the mild impingement of Claimant's L5 nerve root could not be responsible for the pain she alleged. *See* [Dkt. 26 at 8].

Second, the Commissioner repeats her argument that the ALJ did not ignore evidence suggestive of disability because Claimant refused to bend during examinations. *Compare* [Dkt. 30 at 6], *with* [Dkt. 23 at 14]. The Court addressed this argument and determined that, by ignoring the degree of limitation of Claimant's lumbar forward flexion, the ALJ failed to confront evidence that did not support his conclusion. *See* [Dkt. 26 at 8-9]. Indeed, Claimant did not simply refuse to bend, as the Commissioner asserts; she was often unable to bend "due to

4

pain." *See* [Dkt. 24 at 10-11] (collecting documentation of Claimant refusing to bend "due to pain"). The ALJ was required to confront this evidence.

Third, the Commissioner repeats her argument that the ALJ properly concluded Claimant did not require a cane. *Compare* [Dkt. 30 at 7], *with* [Dkt. 23 at 15]. The Court addressed this point by noting that "a cane does not require a prescription." [Dkt. 26 at 9] (citing *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) ("Absurdly, the administrative law judge thought it suspicious that the plaintiff uses a cane, when no physician had prescribed a cane. A cane does not require a prescription")).

Fourth, the Commissioner repeats her argument that the ALJ properly considered Claimant's failure to pursue treatment. *Compare* [Dkt. 30 at 8], *with* [Dkt. 23 at 21]. However, as explained by the Court, it is error for an ALJ to fail to "explore the claimant's reasons for the lack of medical care before drawing a negative inference." [Dkt. 26 at 9] (citing *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012)).

Finally, the Commissioner repeats her argument that the ALJ properly considered Claimant's activities of daily living. *Compare* [Dkt. 30 at 9], *with* [Dkt. 23 at 22]. The Court pointed out the ways in which the ALJ mischaracterized Claimant's daily activities and stated that "there are critical differences between keeping up with activities of daily living and holding down a full-time job." [Dkt. 26 at 9] (citing *Reinaas v. Saul*, 953 F.3d 461, 467 (7th Cir. 2020)).

In sum, the Court has already addressed and rejected each point made by the Commissioner in the instant motion and, critically, a Rule 59(e) motion should not "be used to 'rehash' previously rejected arguments." *Vesely*, 762 F.3d at 666 (quoting *Oto*, 224 F.3d at 606). The Commissioner has not presented any argument that has not already been litigated and has not demonstrated that the Court committed a manifest error of law or fact. *Breyrer*, 722 F.3d at

5

954 (quoting *Blue*, 698 F.3d at 598). Accordingly, the Commissioner's Rule 59(e) Motion to Alter Judgment, [Dkt. 30], is **DENIED**.

### IV. Conclusion

For the reasons set forth above, Defendant's Rule 59(e) Motion to Alter Judgment, [Dkt. 30], is **DENIED**.

In light of this order, Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act [Dkt. 28] is **DENIED AS PREMATURE, without prejudice to its resubmission** now that Defendant's Fed. R. Civ. P. 59(e) motion has been resolved.

SO ORDERED.

Dated: 11 JAN 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.